IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| v. | * | No.: 19-I-011 |
| MICHAEL HELLMAN, M.D., | * | |
| Defendant. | * | |

## PLEA AGREEMENT

The Defendant, MICHAEL HELLMAN, M.D., by and through his counsel, Steven E. Farese and Mark S. McDaniel, knowingly and voluntarily agrees with the United States, through D. Michael Dunavant, United States Attorney for the Western District of Tennessee, Joe Beemsterboer, Chief, Health Care Fraud Unit, Fraud Section, Criminal Divison, U.S. Department of Justice, and through Gregory Allen, the undersigned Assistant United States Attorney, and Jillian Willis, the undersigned Trial Attorney, to enter into the following plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C).

1. The Defendant agrees to enter a plea of guilty to Counts One and Two of the Information. In Count One of the Information, the Defendant is charged with Unlawful Distribution of a Controlled Substance, in violation of 21 U.S.C. § 841(a)(1). The maximum penalty for Unlawful Distribution of a Schedule II Controlled Substance is 20 years imprisonment, a fine of not more than $1,000,000, or both, to be followed by three years supervised release. In Count Two of the Information, the Defendant is charged with Conspiracy to Distribute and Dispense Controlled Substances in violation of 21 U.S.C. § 846. The statutory maximum penalty for Conspiracy to Distribute a Schedule V Controlled Substance is a term of imprisonment of not more than one year, a fine of not more than $100,000, or both.

1

2. The Defendant further agrees that:

a. He is pleading guilty to Counts One and Two of the Information because he is guilty of the charges contained within;

b. The agreed upon value of the property subject to forfeiture for Defendant's commission of the offenses to which he has agreed to plead guilty is $100,000.00. Defendant will not contest, challenge, or appeal in any way the administrative or judicial (civil or criminal) forfeiture to the United States of the agreed upon value of property subject to forfeiture. The Defendant consents to entry of any orders or declarations of forfeiture regarding such property and agrees to waive the time limitation for the administrative forfeiture of the agreed upon funds. The defendant further agrees to hold the government, its officers, agents, and employees harmless from any claim whatsoever in connection with the seizure, forfeiture, storage, or disposal of such property;

c. If he had proceeded to trial and had been convicted, he would have had the right to appeal the conviction. He understands that by pleading guilty, he gives up the right to appeal the conviction. Based on concessions made in this plea agreement by the United States, he also hereby waives his rights to appeal his sentence, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure from the guideline range that the Court establishes at sentencing;

d. Except with respect to claims of ineffective assistance of counsel or prosecutorial misconduct, he waives his right to challenge the sufficiency or the voluntariness of his guilty plea on direct appeal or in any collateral attack;

e. He stipulates that his having a DEA number at any time in the future would be against the public interest. He further stipulates that his maintaining a medical practice would be against the public interest. As such, Defendant understands, acknowledges, and agrees that as a result of this Plea Agreement, he will be permanently prohibited from obtaining or maintaining a Drug Enforcement Administration controlled substance registration number (a "DEA number"), and he further agrees not to maintain a medical practice. Defendant agrees to undertake all steps necessary to effectuate the terms of this paragraph, including completing and executing all necessary documents provided by any department or agency of the federal government, within sixty (60) days of the execution of this Plea Agreement or within sixty (60) days of his notification that he is in violation of this paragraph, as appropriate;

f.  The special assessment of $125 is due and payable to the U.S. District Court Clerk's Office, and the Defendant agrees to provide the United States with evidence of payment immediately after sentencing; and

g.  This writing constitutes the entire Plea Agreement between the Defendant and the United States with respect to the plea of guilty. No additional promises, representations or inducements, other than those referenced in this Plea Agreement, have been made to the Defendant or to the Defendant's attorney with regard to this plea, and none will be made or entered into unless in writing and signed by all parties.

3.  Defendant admits that if put to its burden at trial, the government would be able to prove the following beyond a reasonable doubt:

*Defendant Michael D. Hellman was a doctor licensed by the State of Tennesseee Department of Health as a medical doctor and he maintained a Drug Enforcement Administration Registration ("DEA" Number) prior to April 17, 2019. From in or around January 2018 until in or around April 2019, in the Western Division of the Western District of Tennessee, Dr. Hellman had an office at 336 Poplar View Parkway Suite #2, Collierville, Tennessee, where he had at least one other employee ("Co-Conspirator One"). Co-Conspirator One, who sat at the front desk of Hellman's practice, would communicate with individuals, who would in turn bring patients to Hellman's office to obtain prescriptions. Hellman would provide prescriptions to patients with little to no medical examination. Hellman charged approximately $220.00 for patient visits; his practice did not accept insurance.*

*On or about February 7, 2019, a confidential source ("CS") was inserted into Hellman's practice. Dr. Hellman provided a prescription for 60 Percocet pills to the CS, with little to no physical examination. The Percocet prescription contained approximately 300 mg of oxycodone, a Schedule II drug. This prescription was written outside the scope of professional practice and not for a legitimate medical purpose. On or about February 20, 2019, Hellman provided a prescription for Promethazine with Codeine to another CS. Hellman did not conduct a physical examination on the source, who had never before been a patient, and the entire patient visit happened at the front check-in desk of the practice.*

*From January 2018 until April 2019, Hellman, who specialized in addiction medicine, wrote approximately 478 prescriptions for Promethazine with Codeine, to approximately 376 patients. The majority of Hellman's prescriptions for Promethazine with Codeine were not for a legitimate medical purpose and were outside the scope of professional practice. Promethazine with Codeine is the main ingredient in "purple drank," a recreational drug that consists of a soft drink mixed with prescription cough syrup. Promethazine with Codeine has a street value of approximately $10 per teaspoon. Dr. Hellman knowingly and*

3

*intentionally combined, conspired, confederated and agreed with others known and unknown, to distribute and dispense, not for a legitimate medical purpose and outside the scope of professional practice, Promethazine with Codeine, a Schedule V controlled substance. Hellman received proceeds from these crimes in the amount of approximately $100,000, which he has agreed to forfeit as set forth above.*

4. The Defendant understands that:

a. If the United States receives information between the signing of this agreement and the time of the sentencing that the Defendant has previously engaged in, or if he engages in the future, conduct inconsistent with the acceptance of responsibility, including, but not limited to, participation in any additional criminal activities between now and the time of sentencing, this position could change;

b. Should it be judged by the United States that the Defendant has committed or attempted to commit any additional crimes or has engaged in any conduct constituting obstruction or impeding justice within meaning of U.S.S.G. § 3C1.1 from the date of the Defendant's signing of this plea agreement to the date of the Defendant's sentencing, or if the Defendant attempts to withdraw the plea, the government will be released from its obligations and would become free to argue for any sentence within the statutory limits. Such a breach by the Defendant would not release the Defendant from the plea of guilty; and

c. Any statement made in the course of the plea colloquy may be used against him in any criminal prosecution. The Defendant knowingly, intelligently and voluntarily waives any objection based on Federal Rules of Evidence 410.

5. The parties agree that Defendant's base offense level, including relevant conduct under U.S.S.G § 2D1.1(c)(6), is 10. Specifically, Defendant admits that on February 7, 2019, the Defendant distributed 300 mg of Oxycodone, and that for approximately fifteen months, from January 2018 until April 2019, the defendant conspired to distribute more than 160,000 units of Promethazine with Codeine and this was knowingly and intentionally done with no legitimate medical purpose and outside the scope of professional practice. The converted drug weight of these prescriptions is at least 1KG but less than 2.5 KG ("the Agreed Weight under U.S.S.G § 2D1.1(c)(16)"). The Defendant abused a positon of trust and/or used a special skill under U.S.S.G § 3B1.3.

6. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant agree that the appropriate disposition of this case is, and agree to recommend jointly that the Court impose a sentence within the guideline

4

range of Zone A, offense level 8, of the Sentencing Table (0-6 months), and a fine of $5,000.

7. Neither the United States, nor any law enforcement officer, can or has made any promises or representations as to what the sentence imposed by the Court will be.

8. The United States agrees that, if the Court accepts the defendant's guilty plea, it will move to dismiss the Indictment in this case after sentencing, and it will not prosecute the defendant for any offense related to the offenses charged in the Indictment.

9. By signing this agreement, Defendant affirms that he is satisfied with his lawyers' counsel and representation, and hereby freely and voluntarily enters into this plea agreement. The Defendant understands that this writing constitutes the entire Plea Agreement between the Parties with respect to the plea of guilty. No additional promises, representations or inducements, other than those referenced in this Plea Agreement, have been made to the Defendant or to the Defendant's attorneys with regard to this plea, and none will be made or entered into unless in writing and signed by all parties.

_____  7/22/2019
MICHAEL D. HELLMAN          Date
Defendant

_____  7-22-19
STEVEN FARESE               Date
MARK MCDANIEL
Defendant's Counsel

D. MICHAEL DUNAVANT
United States Attorney

By:

_____   _7/17/19_____
GREGORY ALLEN                 Date
Assistant United States Attorney


JOE BEEMSTERBOER
Chief, Health Care Fraud Unit
Fraud Section, Criminal Divison
U.S. Department of Justice

By:

_____   _7/17/19_____
JILLIAN WILLIS                Date
Trial Attorney, Health Care Fraud Unit
Fraud Section, Criminal Divison
U.S. Department of Justice